N. C. BRIGGS, Respondent, v. SOLOMON WANGENHEIM, Appellant.

No. 2038; October 14, 1869.

Execution—Wrongful Sale—Remedies.—The Right of Action of a person aggrieved by the sale of his goods in execution of a judgment against another is not against the attaching officer alone; he may sue the purchaser for conversion.

Appeal—Rulings not Excepted to.—On appeal the court cannot notice rulings of the court below to which no exceptions have been taken.

APPEAL from Sixteenth Judicial District, Alpine County.

N. C. Briggs in pro. per.; Goff & Griffith and Coffroth & Spaulding for appellant.

SAWYER, C. J.—This is an action to recover the value of a large quantity of lumber, alleged to have been unlawfully taken and converted by defendants.

The first point is, that the action is against the wrong parties. That it should have been brought against the constable,

who sold the goods, and not against the defendants, who purchased at the sale upon their judgment. There is nothing in this point. The testimony shows, and the court finds, that defendants took possession of and converted the lumber. It is a matter of no consequence that some other party took it first, or that they purchased from a party who had no authority to sell it. They converted the lumber which belonged to the plaintiff. Somebody else may, also, have been liable, but this does not relieve the defendants from their own liability.

The next point is that the court erred in sustaining the objections to all evidence offered to prove the sale of the property under the judgment and execution in the case of W. P. Allen v. A. S. Murphy. Counsel have not referred us to the folio where the exception to the ruling of the court complained of is to be found, and we have not been able to find that any exception was taken. We have often held that we cannot notice rulings to which no exception has been taken. If parties choose to submit to rulings without taking exceptions, they cannot afterward question them here.

The third and last point is, that the court erred in permitting plaintiff to prove a derivation of title through Wade. The same answer applies to this point as to the last.

The order denying a new trial is affirmed.

We concur: Crockett, J.; Rhodes, J.; Sprague, J.; Sanderson, J.